IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MATTHEW JACKSON, ) | |
| ) | |
| Plaintiff, ) | Case No. 20-cv-1367 |
| ) | |
| v. ) | Judge Sharon Johnson Coleman |
| ) | |
| RAY KLEIN, INC., d/b/a Professional ) | |
| Credit Service, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Matthew Jackson has brought a claim under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692e(8), against collection agency defendant Ray Klein, Inc., d/b/a Professional Credit Service ("PCS").[1] Before the Court are Jackson's and PCS's cross-motions for summary judgment. For the following reasons, the Court grants Jackson's summary judgment motion and denies PCS's motion.

**Background**

In presenting evidence, defendant PCS failed to follow Northern District of Illinois Local Rule 56.1, which outlines the requirements for the introduction of evidence to support summary judgment motions. Particularly important is PCS's failure to cite to the record when responding to Jackson's Local Rule 56.1(a)(2) statement of material facts as required by Local Rule 56.1(e)(3). Accordingly, Jackson's facts that PCS did not properly dispute are deemed admitted. *Hinterberger v. City of Indianapolis*, 966 F.3d 523, 528 (7th Cir. 2020) ("district courts may require strict compliance with their local rules").

The undisputed facts include that Jackson owed a debt for a defaulted consumer cellular

---

[1] Jackson concedes that he lacks sufficient evidence to prevail on his Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*, ("FCRA") claim against PCS.

account ("subject debt"). PCS operates as a collection agency and attempted to collect the subject debt from Jackson after the debt went into default. Jackson, by counsel, emailed PCS on April 30, 2019, disputing the alleged debt stating that "the amount reported is not accurate." PCS received the email and reported the debt to certain credit reporting agencies, including TransUnion, Experian, and Equifax, indicating that Jackson disputed the debt.

In September 2019, Jackson, through counsel, sent a certified letter to PCS disputing the debt stating:

> Our office previously contacted you regarding the above referenced account to inform you that the debt you were reporting was not accurate. Our client does not believe they owe any debt to your company, regardless of whether they owed a debt to the original creditor.
>
> To date, despite my client's prior dispute, we still have not received any proof of ownership of this account. Please send a copy of the purchase and sale agreement pertaining to this account immediately or my client has authorized me to inform the credit bureaus that this debt is not owed to your company.
>
> As you are reporting the alleged debt, you have an obligation to investigate; please do not ignore my client's request. If you do not respond with proof of ownership within 30 days I will contact the credit bureaus on my client's behalf.
>
> If you have any questions or would like to discuss this account further, please contact our office. Thank you for your prompt attention to this matter.

PCS received this second dispute letter on September 16, 2019.

In October 2019, PCS communicated information about the subject debt to the credit reporting agencies indicating that Jackson had disputed the debt. In November 2019, however, PCS communicated to the credit report agencies about Jackson's debt, but did not indicate that Jackson disputed the debt, despite the fact that Jackson had not withdrawn his dispute. Again, in December 2019, February 2020, and May 2020, PCS reported the debt without indicating that Jackson disputed it. Meanwhile, Jackson's TransUnion credit report dated April 6, 2020 reported the subject debt, but did not include that Jackson disputed it.

**Legal Standard**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). A genuine dispute as to any material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L.Ed. 2d 202 (1986). When determining whether a genuine issue of material fact exists, the Court must view the evidence and draw all reasonable inferences in favor of the nonmoving party. *Id.* at 255; *Hackett v. City of South Bend*, 956 F.3d 504, 507 (7th Cir. 2020). After "a properly supported motion for summary judgment is made, the adverse party 'must set forth specific facts showing that there is a genuine issue for trial.'" *Anderson*, 477 U.S. at 255 (quotation omitted).

**Discussion**

*Article III Standing*

PCS first argues that Jackson does not have Article III standing to bring his FDCPA claim under 15 U.S.C. § 1692e(8), which prohibits debt collectors from "[c]ommunicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed." To establish standing under Article III, a plaintiff must show: (1) he suffered an injury-in-fact; (2) that is fairly traceable to the defendant's conduct; and (3) that is likely to be redressed by a favorable judicial decision. *Prairie Rivers Network v. Dynegy Midwest Generation, LLC,* 2 F.4th 1002, 1007 (7th Cir. 2021). Under the first requirement, an injury-in-fact must be "concrete and particularized" and "actual or imminent." *Prosser v. Becerra*, 2 F.4th 708, 713 (7th Cir. 2021). "A plaintiff may have standing to enforce an intangible injury, so long as it is concrete." *Id.*

PCS focuses on the injury-in-fact requirement of Article III standing, which requires that the violation of § 1692e(8) must have harmed Jackson "or presented an 'appreciable risk of harm' to the underlying concrete interest that Congress sought to protect." *Markakos v. Medicredit, Inc.*, 997 F.3d 778, 780 (7th Cir. 2021) (quoting *Casillas v. Madison Avenue Assoc., Inc.*, 926 F.3d 329, 333 (7th Cir. 2019)). Prior to *Markakos* and other recent Seventh Circuit cases, the Seventh Circuit concluded that under § 1692e(8), when a debt collection agency "failed to report to a credit reporting agency that the debt is disputed, the plaintiffs suffered 'a real risk of financial harm caused by an inaccurate credit rating[.]'" *Evans v. Portfolio Recovery Assoc., LLC*, 889 F.3d 337, 345-46 (7th Cir. 2018) (citation omitted). The *Evans* decision follows Supreme Court precedent that a risk of real harm can satisfy the concreteness requirement. *Spokeo, Inc. v. Robins*, 578 U.S. 856, 136 S.Ct. 1540, 1549, 194 L.Ed.2d 635 (2016).

Here, PCS argues that the *Markakos* decision and other recent Seventh Circuit decisions regarding consumer protection statutes and Article III standing establish that Jackson does not have standing. PCS, however, fails to recognize that "[s]tanding often depends on what theory a plaintiff advances and how injury would be proved." *Smith v. GC Services Limited P'ship*, 986 F.3d 708, 711 (7th Cir. 2021). The cases PCS relies upon do not involve § 1692e(8) nor do they address or overrule the holding in *Evans*. Indeed, the *Markakos* decision highlights that when a debt collector provides inconsistent or deficient information, a plaintiff can show a concrete harm existed if there was an "appreciable risk of harm to the underlying concrete interest that Congress sought to protect," *see id.* at 780, which is the very foundation of the *Evans* decision. The Court denies PCS's motion for summary judgment as to standing.

*FDCPA Violation*

Next, PCS argues that Jackson has failed to establish his FDPCA claim under § 1692e(8). Despite PCS's argument, its corporate representative testified at his Rule 30(b)(6) deposition that

4

PCS's credit reporting communications on November 13, 2019, December 16, 2019, February 7, 2020, and May 29, 2020 did not contain any indication that Jackson disputed the subject debt. (R. 72-4, 3/30/21 Hasson Dep., at 33-35.) PCS's failure to report that the subject debt was disputed in these communications falls squarely within § 1692e(8) prohibitions.

PCS's argument that it need only report a debt as disputed once as set forth in the Consumer Data Industry Association's ("CDIA") credit reporting guidelines does not save the day because federal courts have concluded that reliance on the CDIA credit reporting guidelines does not shield a defendant from liability under the consumer protection statutes. *See Coulter v. Chase Bank USA, N.A.*, No. 18-1538, 2020 WL 5820700, at *12 (E.D. Pa. Sept. 20, 2020) (listing cases). Moreover, PCS fails to cite authority that these credit reporting guidelines provide any such defense. The Court grants Jackson's summary judgment motion as to his FDCPA claim.

*Bona Fide Error Defense*

Last, PCS maintains that it is entitled to the bona fide error defense under 15 U.S.C. § 1692k(c). To establish this defense, PCS has the burden in showing that (1) the FDCPA violation was unintentional; (2) the FDCPA violation resulted from a bona fide error; and (3) it maintained procedures to avoid any such error. *Evans*, 889 F.3d at 349. "[A] defendant can invoke the bona fide error defense only if it claims it made an error of *fact*, not an error of *law*." *Id.* (emphasis in original). Accordingly, "[t]he bona fide error defense in § 1692k(c) does not apply to a violation of the FDCPA resulting from a debt collector's incorrect interpretation of the requirements of that statute." *Id.* at 350.

PCS argues that it relied on the CDIA's credit reporting guidelines when it interpreted its obligations under 15 U.S.C. § 1692k(c). This reflects an error of law, and thus PCS cannot rely on the bona fide error defense. Moreover, PCS makes no attempt to establish that the error was

5

unintentional and that it maintains procedures to avoid any such errors, except for its misplaced reliance on the CDIA's guidelines.

**Conclusion**

Based on the foregoing, the Court grants Jackson's summary judgment motion [70] and denies PCS's motion for summary judgment [73.] At the next status, Jackson should be prepared to discuss how he intends to prove up his damages and fees.

**IT IS SO ORDERED.**

Date: 8/12/2021

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge